EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  María L. Pérez Vargas | 2026 TSPR 16  217 DPR ___ |
|---|---|

Número del Caso:  TS-8,870


Fecha:  9 de febrero de 2026


Oficina de Inspección de Notarías:

     Lcdo. Manuel E. Ávila De Jesús
     Director


Representante legal de la Sra. María L. Pérez Vargas:

     Lcda. Daisy Calcaño López


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por incumplimiento reiterado con las órdenes del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María L. Pérez Vargas

TS-8,870

**PER CURIAM**

En San Juan, Puerto Rico, a 9 de febrero de 2026.

Nuevamente ejercemos nuestra facultad disciplinaria sobre un miembro de la profesión de la abogacía. En virtud de los fundamentos que expondremos a continuación, se suspende inmediata e indefinidamente a la Lcda. María L. Pérez Vargas (licenciada Pérez Vargas o Promovida) del ejercicio de la abogacía. Veamos.

**I**

La licenciada Pérez Vargas fue admitida al ejercicio de la abogacía el 5 de enero de 1988 y prestó juramento como notaria el 6 de abril de 1988.

Sin embargo, la Promovida fue suspendida de la notaría el 13 de noviembre de 2024 por su reiterado incumplimiento con las órdenes de este Tribunal y los requerimientos de la Oficina de Inspección de Notaría (ODIN). En ese entonces, apercibimos a la Promovida que debería priorizar el proceso de subsanación de su obra notarial, tomando todas las medidas a su alcance, so pena de sanciones más severas.

El 23 de julio de 2024 la ODIN presentó ante nos una *Moción urgente en solicitud de incautación de obra notarial y en solicitud de remedio* donde resaltó que existen legítimas preocupaciones sobre señalamientos identificados en más de un centenar de instrumentos públicos autorizados por la Promovida. Esta moción surge por un *Informe Especial de Deficiencias de la Obra Notarial de la Lcda. María L. Pérez Vargas, Notaria Número 8870* (Segundo Informe), preparado por los inspectores de ODIN, la Lcda. Mariluz Rivera Ortiz (licenciada Rivera Ortiz) y el Lcdo. José R. Santiago Rodríguez (licenciado Santiago Rodríguez), y presentado el 1 de julio de 2024.

El Segundo Informe de los inspectores relató como la ODIN inspeccionó la obra notarial de la Promovida, para los años 2013 al 2020, el 29 de mayo de 2021 y el 14 de mayo de 2021. Como resultado, la licenciada Rivera Ortiz remitió a la Promovida un *Informe de Señalamientos Preliminares* (Primer Informe) en julio del 2021. Las partes intentaron coordinar una reinspección para enero del 2022. Luego de

varias reprogramaciones y la adición del licenciado Santiago Rodríguez, no fue hasta diciembre del 2023 que el licenciado Santiago Rodríguez pudo inspeccionar la obra notarial de la Promovida para los años 2021 y 2022. Por esto, los inspectores suscribieron su Segundo Informe y destacaron las siguientes faltas por la licenciada Pérez Vargas encontradas en varios instrumentos: (1) omitir el tracto o título, (2) omitir descripciones de bienes inmuebles, (3) ausencia de firmas e iniciales de uno o varios integrantes, (4) omitir consignar la unidad de acto existiendo testigos instrumentales, (5) poderes protocolizados que no fueron autorizados por un notario, (6) uso de un poder ineficaz en una compraventa y (7) una deuda arancelaria por sellos omitidos.

Según la ODIN, la situación irregular con la obra notarial de la Promovida se agravó por el largo transcurso de tiempo desde la primera inspección a la segunda inspección, ya que pasaron tres (3) años entre las publicaciones de los informes con los señalamientos de deficiencias. Además, los inspectores resaltaron que la Promovida continuó plasmando los mismos errores en los instrumentos, pese conocimiento de los señalamientos a través de los informes. Por la gravedad de lo anterior, el 23 de julio de 2024, la ODIN sometió una moción solicitando la incautación preventiva de la obra y sello de la licenciada Pérez Vargas.

Como resultado de lo anterior, este Tribunal emitió una *Resolución* el 29 de julio de 2024 en la que autorizamos la incautación preventiva de la obra y sello de la licenciada Pérez Vargas. Además, le concedimos un término de diez (10) días a la Promovida para comparecer y mostrar causa por la cual no debe ser suspendida del ejercicio de la notaría y, también, le concedimos un plazo de noventa (90) días para la subsanación de su obra protocolar.

La Promovida compareció el 2 de agosto de 2024 y argumentó que no fue hasta la incautación de su obra y sello que advino en conocimiento del Segundo Informe, correspondiente a la inspección de diciembre del 2023. Además, la Promovida resaltó que se encuentra en el proceso de subsanación, ya que había corregido un número de las faltas del Primer Informe de la licenciada Rivera Ortiz, pero no tuvo oportunidad de presentar las correcciones. La Promovida también añadió que no había sido objeto de sanciones disciplinarias en sus 36 años de carrera.

Como respuesta, la ODIN le solicitó a sus inspectores que rindieran informes actualizados sobre el estado de la subsanación de la obra notarial de la Promovida. El 17 de octubre de 2024, la ODIN rindió el *Informe del Estado de la Obra Notarial Incautada y Exponiendo la Posición de la ODIN en torno a la Moción Presentada por la Letrada Sobre la Incautación Preventiva* (Tercer Informe). En este Tercer Informe, los inspectores de la ODIN enfatizaron que, aunque la Promovida llevó a cabo ciertos esfuerzos de subsanación

para la obra del 2021 y 2022, aún persisten múltiples deficiencias notariales. El licenciado Santiago Rodríguez añadió que la Promovida no había comenzado la subsanación de la obra del 2023. Además, la licenciada Rivera Ortiz inspeccionó la obra para el año 2024 y observó una serie de omisiones.

Por todo lo anterior, el 13 de noviembre de 2024 este Tribunal emitió una Opinión *Per Curiam* en la que suspendimos inmediata e indefinidamente a la licenciada Pérez Vargas de la práctica de la notaría. En ese entonces, le señalamos a la Promovida la importancia de atender el proceso de subsanación de su obra protocolar y le concedimos un plazo de noventa (90) días para cumplir con lo ordenado. Además, le apercibimos que incumplir con lo anterior podría resultar en la imposición de sanciones más severas, incluyendo la suspensión de la abogacía. La licenciada Pérez Vargas sometió una *Moción de reconsideración*, pero la misma fue declarada *No ha lugar*.

El 10 de febrero de 2025, la ODIN presentó un *Informe Actualizado Sobre el Estado de la Obra Notarial Incautada y en Solicitud de Remedios* (Cuarto Informe) para detallar el progreso de la subsanación de la obra notarial de la licenciada Pérez Vargas. En este Cuarto Informe, los inspectores de la ODIN resaltaron que aún persisten múltiples clases de deficiencias en la obra de la Promovida y estas se extienden a través de diferentes años. Como resultado, este Tribunal emitió una *Resolución* el

11 de marzo de 2025 en la que nos dimos por enterado del Cuarto Informe y le concedimos sesenta (60) días a la licenciada Pérez Vargas para finiquitar el proceso de subsanación de la obra notarial incautada y no aprobada, formada en los años 2015 a 2024.

El 9 de mayo de 2025, compareció la licenciada Pérez Vargas por conducto de una *Moción en solicitud de término adicional para completar la subsanación de la obra notarial*. En esta, la Promovida argumentó que el sistema eléctrico de las facilidades del Archivo Notarial de San Juan confrontó problemas que imposibilitaron el acceso al mismo y, además, que varias de las reuniones pautadas con los inspectores se reprogramaron por falta de electricidad en las facilidades del Archivo Notarial. No obstante, la Promovida proveyó las fechas correspondientes de las reuniones reprogramadas. Por esto, la licenciada solicitó un término adicional de sesenta (60) días para completar lo que resta de la subsanación. Como resultado, este Tribunal emitió una *Resolución* el 30 de mayo de 2025 en la que le concedimos el término adicional solicitado a la Promovida.

El 29 de julio de 2025, compareció nuevamente la licenciada Pérez Vargas por conducto de una segunda *Moción en solicitud de término adicional para completar la subsanación de la obra notarial*. En esta segunda moción, la Promovida señaló que sufrió percances de la salud que imposibilitaron la compleción de la subsanación. Sin embargo, añadió que había progresado en el proceso y que

los aranceles notariales adeudados habían sido cancelados. La Promovida incluyó documentación médica para fundamentar su argumentación. Luego de tomar en consideración lo anterior, emitimos una *Resolución* el 31 de octubre de 2025 en la que le concedimos a la Promovida un término final e improrrogable de sesenta (60) días para completar el proceso de subsanación de la obra.

Nuevamente en incumplimiento con nuestras órdenes, la licenciada Pérez Vargas no volvió a comparecer ante este Tribunal. Con ello en mente, procedamos a repasar la normativa jurídica atinente a la conducta exhibida por la Promovida.

## II

Los abogados y los notarios prestan un juramento para ejercer la profesión legal con un compromiso a las responsabilidades impuestas por las leyes y el Código de Ética Profesional.[1] Ambas disciplinas profesionales le imponen a los abogados la obligación de responder oportuna y diligentemente a los requerimientos de este Tribunal.[2] Por esto, los abogados deben ser diligentes, responsables y competentes en sus funciones.[3] De lo contrario, nos vemos en la obligación de ejercer nuestro poder inherente para disciplinar a los miembros de la profesión legal.

---

[1] Código de Ética Profesional, 4 LPRA Ap. IX; *In re: Ortiz Sánchez*, 201 DPR 765(2019).

[2] *In re: Alers Morales*, 204 DPR 515 (2020).

[3] *In re Montañez Morales*, 212 DPR 781 (2023).

Canon 9 del Código de Ética Profesional

El Canon 9 de Ética Profesional, *supra*, establece que los profesionales de derecho deben observar ante los tribunales una conducta que se caracterice con el mayor de los respetos. Cónsono con lo anterior, hemos resuelto que la desatención de las órdenes de un tribunal constituye un grave insulto a su autoridad, en clara violación al mandato expreso del aludido canon.[4] Por esto, incumplir con las órdenes de un tribunal denota una actitud de menosprecio e indiferencia hacia la autoridad de este último y constituye una violación al Canon 9, *supra*.[5]

Por otro lado, hemos expresado que las obligaciones que le impone el Canon 9, *supra*, a los letrados incluye las exigencias que pueda hacer la ODIN.[6] Es decir, los abogados-notarios tienen la obligación de subsanar las deficiencias señaladas por la ODIN.[7] Por lo tanto, si, luego de proveerle un término a un abogado para que muestre causa por la cual no debe ser suspendido, este incumple con nuestro mandato, procede que se le suspenda indefinidamente del ejercicio de la abogacía y la notaría.[8]

**III**

De entrada, no hay duda de que la licenciada Pérez

---

[4] *In re: Valentín Custodio*, 187 DPR 529 (2012).

[5] *In re: Carmona Rodríguez*, 206 DPR 863 (2021).

[6] *In re: Alers Morales*, *supra*.

[7] *In re: Amiama Laguardia*, 196 DPR 844 (2016).

[8] *Id.*

Vargas incumplió con el mandato expresamente establecido en el Canon 9 del Código de Ética Profesional, *supra*, al, reiteradamente, incumplir con las órdenes emitidas por este Tribunal.

Desde el 2021, la licenciada Pérez Vargas tiene conocimiento de que hay deficiencias en su obra notarial. La ODIN le remitió el Primer Informe a la Promovida en julio del 2021 por vía de la licenciada Rivera Ortiz. En ese entonces se le concedió tiempo a la Promovida para corregir dichas deficiencias, pero no fue hasta diciembre del 2023 que la ODIN pudo inspeccionar de nuevo la obra notarial de la Promovida. En julio del 2024, la ODIN le remitió un Segundo Informe a la Promovida detallando las deficiencias, ya que estas no fueron corregidas desde el Primer Informe.

La Promovida hizo un intento para subsanar las deficiencias, pero no con la diligencia requerida. Por esto, la ODIN sometió un Tercer Informe detallando la falta de progreso diligente en la subsanación y solicitando que se le incautara preventivamente la obra y sello de la licenciada Pérez Vargas. Luego, la ODIN remitió un Cuarto Informe detallando que, meses después de la incautación de la obra y sello, la Promovida todavía no progresa lo suficiente para subsanar su obra notarial. Por esto, se suspendió indefinidamente a la licenciada Pérez Vargas del ejercicio de la notaría.

Luego de la suspensión de la notaría, este Tribunal le concedió un plazo a la Promovida para subsanar su obra notarial. En el transcurso del plazo, la Promovida solicitó dos (2) términos adicionales de sesenta (60) días cada uno por varias razones. Estos fueron concedidos. No obstante, la Promovida nunca puso en posición a este Tribunal para determinar y validar su progreso, ya que esta no compareció durante el término final e improrrogable provisto. Es decir, la Promovida desatendió crasamente las órdenes de este Tribunal y no subsanó su obra notarial como ordenado. Razón por la cual, procede suspender inmediata e indefinidamente del ejercicio de la abogacía a la Promovida.

## IV

Por los fundamentos expuestos en esta Opinión *Per Curiam*, este Tribunal suspende inmediata e indefinidamente a la Lcda. María L. Pérez Vargas de la abogacía.

La señora Pérez Vargas deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. De igual manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término

de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, en atención al reiterado incumplimiento de la señora Pérez Vargas a nuestras órdenes para la subsanación de su obra protocolar, se refiere este asunto al Tribunal de Primera Instancia, Sala Superior de San Juan, para el inicio de un procedimiento de desacato civil en su contra. Además, se le advierte a la señora Pérez Vargas que hacer caso omiso a lo aquí ordenado y no acreditar que subsanó su obra notarial pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María L. Pérez Vargas

**TS-8,870**

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de febrero de 2026.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, este Tribunal suspende inmediata e indefinidamente a la Lcda. María L. Pérez Vargas de la abogacía.

La señora Pérez Vargas deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Asimismo, deberá devolver a sus clientes los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados, y deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente. De igual manera, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, en atención al reiterado incumplimiento de la señora Pérez Vargas a nuestras

órdenes para la subsanación de su obra protocolar, se refiere este asunto al Tribunal de Primera Instancia, Sala Superior de San Juan, para el inicio de un procedimiento de desacato civil en su contra. Además, se le advierte a la señora Pérez Vargas que hacer caso omiso a lo aquí ordenado y no acreditar que subsanó su obra notarial pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Notifíquese esta Opinión *Per Curiam* y Sentencia por correo electrónico.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo